1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIND ENERGY PARTNERSHIP, a California limited partnership; WILLIAM W. ADAMS, an individual; WHITEWATER ENERGY CORPORATION, a California corporation; WHITEWATER DEVELOPMENT CORPORATION, a California corporation; SAN GORGONIO FARMS, INC., a California corporation,<br><br>            Petitioners/Plaintiffs,<br><br>vs.<br><br>NEXTERA ENERGY RESOURCES, LLC, a Delaware limited liability company; WINDPOWER PARTNERS 1993, L.P., a Delaware limited partnership; CITY OF PALM SPRINGS, a public entity organized and existing under the laws of the State of California; CITY COUNCIL OF THE CITY OF PALM SPRINGS; DAVID H. READY, in his official capacity as City Manager of the City of Palm Springs; DOES 1-500, inclusive,<br><br>            Respondents/Defendants/<br>            Real Parties in Interest. | Case No. 5:11-cv-02050 R (OPx)<br><br>[Honorable Manuel L. Real]<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS CITY OF PALM SPRINGS, CITY COUNCIL OF THE CITY OF PALM SPRINGS, AND DAVID H. READY'S MOTION FOR SUMMARY JUDGMENT** |

On April 3, 2012, Defendants City of Palm Springs, City Council of the City of Palm Springs, and David H. Ready ("Defendants") filed a motion for summary judgment on the First Amended Petition for Writ of Mandate and Complaint for Damages and Declaratory and Injunctive Relief pursuant to Federal Rule of Civil Procedure 56 (the "Motion").  On May 21, 2012, the Motion was heard by the Court.  Upon consideration of the Motion and all papers in support thereof and in opposition thereto, the pleadings, exhibits, and records in this matter, and oral argument of the parties, the Motion is GRANTED, and the First Amended Petition for Writ of Mandate and Complaint for Damages and Declaratory and Injunctive Relief is dismissed with prejudice.

## STATEMENT OF UNCONTROVERTED FACTS

The Court determines that the following facts have been established as uncontroverted:

**UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT'S FIRST CAUSE OF ACTION FOR DEPRIVATION OF DUE PROCESS.**

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **Plaintiffs received actual notice of the wind turbine repowering project (the "Repowering Project") in March 2010.** | |
| 1.    On or around February 24, 2010, Windpower Partners 1993, L.P. ("Windpower Partners 1993") submitted a Conditional Use Permit application regarding its wind turbine repowering project (the "Repowering Project"). | March 28, 2012 Declaration of Craig Ewing ("Ewing Decl.") Exhibits ("Exhs.") A-C; Request for Judicial Notice ("RJN") Exhs. A-C. |
| 2.    Plaintiffs William Adams, Wind | First Amended Complaint ("FAC") ¶¶ 4- |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Energy Partnership ("WEP"), Whitewater Energy Corporation, Whitewater Development Corporation, and San Gorgonio Farms, Inc. (collectively, "Plaintiffs") are long-time owners of wind turbine projects in the City of Palm Springs. | 8, 31-33, 38; *see also* March 30, 2012 Declaration of Joseph Farrigan ("Farrigan Decl.") ¶¶ 2-10. |
| 3.     On or around March 23, 2010, Joseph Farrigan ("Farrigan") of NextEra Energy Resources, LLC ("NextEra") emailed William Adams, Brad Adams, WEP, Whitewater Energy Corporation, Whitewater Development Corporation, and San Gorgonio Farms, Inc. an unexecuted "Declaration of Restrictive Covenants" (the "Proposed Agreement"), along with proposed purchase and sale documents in connection with WEP's purchase from NextEra of an unrelated parcel of property (the "Cabazon parcel"). | Farrigan Decl. ¶¶ 2-3 & Exh. A. |
| 4.     The Proposed Agreement stated, among other things, that Windpower Partners 1993, L.P. "intends to repower the Windpower Wind Farm located on the Benefitted Property, which involves | Farrigan Decl. Exh. A, Recitals ¶ C. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| replacing and/or relocating some or all of the existing Wind Power Facilities (defined below) and possibly adding additional Wind Power Facilities (collectively, the "**Repowering**")." | |
| 5. The Proposed Agreement also stated that "WEP has agreed not to object to or interfere with the Repowering or to claim that the Windpower Wind Farm, after the Repowering, causes waking or otherwise interferes with the wind flow available to the WEP Wind Farm." | Farrigan Decl. Exh. A, Recitals ¶ D. |
| 6. The Proposed Agreement additionally stated that "WEP hereby covenants and agrees not to interfere with or object to … any application by Windpower for any governmental permit … with respect to the Repowering." | Farrigan Decl. Exh. A, ¶ 1(a). |
| 7. The Proposed Agreement expressly identified the legal description of the property for the Repowering Project – even attaching the legal description as an exhibit to the Proposed Agreement – and stated that "WEP hereby covenants and agrees not to | Farrigan Decl. Exh. A, ¶ 1(b)(ii) & Exhibits A, B. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| assert any claims against Windpower or its successors or assigns" regarding the Repowering Project. | |
| 8.     Brad Adams telephoned Farrigan and stated that he received the Proposed Agreement regarding the Repowering Project. | Farrigan Decl. ¶ 7. |
| 9.     Brad Adams stated to Farrigan that WEP was not willing to sign the Proposed Agreement because it was unrelated to the Cabazon sale transaction and WEP would not allow the sale transaction involving the Cabazon parcel to be used to secure the signed Proposed Agreement concerning the pending Repowering Project. | Farrigan Decl. ¶ 7. |
| 10.    On or around June 17, 2010, Keith Jenkins (another NextEra employee) and Farrigan met with William and Brad Adams at their office to sign the purchase and sale agreement regarding the Cabazon parcel, and then had lunch with them. | Farrigan Decl. ¶ 8. |
| 11.    During that meeting, William and Brad Adams stated that they generally supported NextEra's Repowering | Farrigan Decl. ¶ 9. |

LA01/ 1127071.1                                  5

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Project, and that, although they did not want to sign the written Proposed Agreement regarding the Repowering Project, they had no intention of interfering with or challenging the Repowering Project. | |
| 12. NextEra did not pursue the written Proposed Agreement further during the pending sale of the Cabazon parcel, and the sale of the Cabazon parcel closed. | Farrigan Decl. ¶ 10. |
| **The City of Palm Springs provided constitutionally adequate public notice regarding the Repowering Project in November 2010.** | |
| 13. On or around November 6, 2010, the City of Palm Springs (the "City") issued a Notice of Intent ("NOI") to adopt a Mitigated Negative Declaration ("MND") for the project, stating: "The City has reviewed and considered the proposed project and has determined that any potentially significant impacts can be mitigated to a level of less than significant. The City hereby prepares and proposes to adopt a Mitigated Negative Declaration for this project." | Ewing Decl. Exhs. D & E; RJN Exhs. D & E. |
| 14. In the NOI, the City set "[a] 30-day public review period for the Draft | Ewing Decl. Exhs. D & E; RJN Exhs. D & E. |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Mitigated Negative Declaration [to] commence at 8:00 a.m. on November 8, 2010 and end on December 7, 2010, at 6:00 p.m. for interested individuals and public agencies to submit written comments on the document." | |
| 15.   On November 6, 2010, the City published the NOI in *The Desert Sun*. | Ewing Decl. Exh. E; RJN Exh. E. |
| 16.   The City scheduled a December 8, 2010 public hearing to consider adopting the MND for the Repowering Project. | Ewing Decl. Exh. F; RJN Exh. F. |
| 17.   On November 23, 2010, the City mailed notice of the hearing to owners of property located within a 400-foot radius of the subject property. | Ewing Decl. Exh. F (Affidavit of Mailing); RJN Exh. F (same). |
| 18.   On November 27, 2010, the City published the Notice of Public Hearing in *The Desert Sun*. | Ewing Decl. Exh. F (Affidavit of Publication); RJN Exh. F (same). |
| 19.   On November 23, 2010, the City posted the Notice of Public Hearing on the City Hall exterior legal notice posting board and in the Office of the City Clerk. | Ewing Decl. Exh. F (Affidavit of Posting); RJN Exh. F (same). |
| 20.   On December 2, 2010, the City additionally made the meeting agenda for the December 8, 2010 public hearing | Ewing Decl. Exh. G (Report of Posting of Agenda); RJN Exh. G (same). |

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| available for public access on the City Hall exterior bulletin board and at the Planning Services counter. | |

## CONCLUSIONS OF LAW

Summary judgment must be granted if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. Proc. 56(a).  A fact is material if it is one that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  An issue is genuine if there is evidence that such a "reasonable jury could return a verdict for the non-moving party."  *Id.*  The burden of proof is on the moving party to demonstrate the absence of a dispute of material fact.  *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986).

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  *Mullane v. Central Hannover Bank & Trust*, 339 U.S. 306 (1950).

Here, the City of Palm Springs mailed notice to owners of record of property within a 400-foot radius of the subject property, published the NOI and the notice of public hearing in the *Desert Sun*, posted the notice of public hearing on the city hall exterior legal notice boards and the office of the city clerk, and made the meeting agenda for the December 8th, 2010, public hearing available for public access on the city hall exterior bulletin board and at the planning services counter.

There is no rigid formula regarding type of notice that must be given to satisfy due process, and the notice required will vary with circumstances and conditions. *Walker v. City of Hutchinson*, 352 U.S. 112 (1956).

Notice must be reasonably calculated to inform parties of proceedings which adversely affect their legally protected interests. *Mullane v. Central Hannover Bank & Trust*, 339 U.S. 306 (1950). If a party receives actual notice of the action and has an opportunity to respond, the due process clause is satisfied. *Lehner v. United States*, 685 F.2d 1187 (9th Cir. 1982).

Here, on March 23, 2010, Plaintiff and NextEra discussed a potential repowering project on the subject property which involves replacing and/or relocating some or all of the wind turbines on the subject property, and a potential blanket waiver if the project causes "waking" or otherwise interferes with wind flow. While not specifically informing Plaintiffs that Defendants were requesting a waiver of Palm Springs Zoning Code section 93.23.07(E)(4)(a) to place the wind turbines within five rotor-diameters of the lot line, Plaintiffs did seek a general waiver of Plaintiffs' properties for potential interference with air flow rights.

The specific language of the waiver informed Plaintiffs that Defendants' repowering project would potentially cause waking or interfere with wind flow. This gave Plaintiffs actual notice of both the repowering project and that their right would potentially be impinged upon. To satisfy the due process clause, notice must reasonably convey the required information. *Grannis v. Ordean*, 234 U.S. 385 (1914).

Additionally, Plaintiffs' claim is barred because they did not purchase the property until after the city's permitting process was completed. FAC ¶ 16. While Plaintiffs allege that the Defendants failed to notify the prior owner of the repowering project, the prior owners are not a party to this suit, nor have the Plaintiffs provided anything more than general averments of a lack of notice to the prior owner.

Opposition to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Plaintiffs have failed to demonstrate that they are entitled to raise a due process claim on behalf of the prior owners since they themselves were admittedly not entitled to notice at the time because they were not the owners of the property at issue.

Therefore, Defendants' motion for summary judgment is granted. The First Amended Petition for Writ of Mandate and Complaint for Damages and Declaratory and Injunctive Relief is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:_June 11, 2012__                   _____
                                          Honorable Manuel L. Real
                                          United States District Judge

Respectfully submitted,

DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, California 90067-1517
Tel:   (310) 203-4000
Fax:   (310) 229-1285


By:____/s/ George T. Caplan_____
        George T. Caplan
Attorneys for Defendants
NEXTERA ENERGY RESOURCES, LLC; WINDPOWER PARTNERS 1993, LLC (f/k/a WINDPOWER PARTNERS 1993, L.P.); CITY OF PALM SPRINGS; CITY COUNCIL OF THE CITY OF PALM SPRINGS; and DAVID H. READY